No. 26-10312

# United States Court of Appeals for the Eleventh Circuit

SAFE AFFORDABLE GEORGIA, INC,

*Plaintiff-Appellant*,

v.

JAMES KREYENBUHL, et al.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Georgia,
Hon. Elenor L. Ross
(Dist. Ct. No. 1:25-cv-06985)

REPLY BRIEF

Christopher S. Anulewicz
Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE
21st Floor
Atlanta, GA 30309

Charles Miller
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW,
Suite 801
Washington, D.C. 20036
Tel: (202) 301-9800
Fax: (202) 301-3399
cmiller@ifs.org

*Counsel for Plaintiff-Appellant*

## Table of Contents

Table of Authorities ........ ii

Reply ........ 1

Conclusion ........ 8

Word Count and Typeface Certificate ........ 9

# TABLE OF AUTHORITIES

Cases

*Booth v. Pasco County*,
757 F.3d 1198 (11th Cir. 2014) .......... 2
*Citizens United v. FEC*,
558 U.S. 310 (2010) .......... 2, 7
*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) .......... 1, 3, 8
*Elrod v. Burns*,
427 U.S. 347 (1976) .......... 7
*Friends of the Everglades, Inc. v. Sec. of U.S. Dep't of Homeland Security*,
No. 25-12873, 2026 WL 1077624 at *2 (11th Cir. Apr. 21, 2026) .......... 2
*Jackson v. Jones*,
No. 1:26-cv-00782 (N.D. Ga. Feb. 25, 2026) .......... 3
*LaCroix v. Town of Fort Myers Beach*,
38 F.4th 941 (11th Cir. 2022) .......... 2
*Lebron v. Nat'l R.R. Passenger Corp.*,
513 U.S. 374 (1995) .......... 5
*Riddle. v. Hickenlooper*,
742 F.3d 922 (10th Cir. 2014) .......... 6
*Sessions v. Morales-Santana*,
582 U.S. 47 (2017) .......... 5
*Trump v. CASA, Inc.*,
606 U.S. 831 (2025) .......... 4

Statutes

O.C.G.A. § 21-5-30 .......... 4

O.C.G.A. § 21-5-41 .......... 4

# Reply

Even Defendants' amicus agrees that the campaign finance scheme challenged here unconstitutionally advantages Burt Jones. It just prefers a different remedy. While Defendants defend the challenged coordination restrictions standing alone, they cannot defend the way they operate in combination with the Leadership Committee statute. This appeal is about whether the courts will afford a remedy.

The remedy for a free speech violation is to remove the violating restriction on a person's speech. It is then up the legislating body to determine if it wants to try again to impose a restriction that is constitutional, or instead allow the liberty to remain unrestricted. Thus, Defendants' and amicus's argument that the proper remedy here is to restrict the speech of WBJ Leadership Committee instead of freeing Plaintiff to speak is wrong. "[T]he obvious remedy is to raise or eliminate [the offending] limits." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 743 (2008).

Defendants state, without citation, that the standard of review here is "abuse of discretion." Appellee Br. at 1. They are only half right on the standard and all wrong on its application. "Two standards

govern [the Court's] review [of a preliminary injunction order]. [The Court] review[s] for abuse of discretion a ruling on a motion for a preliminary injunction. But [it] review[s] *de novo* the legal conclusions that support the injunction." *Friends of the Everglades, Inc. v. Secretary of United States Dep't of Homeland Security*, No. 25-12873, 2026 WL 1077624 at *2 (11th Cir. Apr. 21, 2026) (cleaned up).

The legal conclusions and findings of "constitutional facts" challenged here are reviewed *de novo* because "First Amendment issues are not ordinary." *Booth v. Pasco County*, 757 F.3d 1198, 1210 (11th Cir. 2014); *see also LaCroix v. Town of Fort Myers Beach*, 38 F.4th 941, 946 (11th Cir. 2022). The court of appeals "must thus decide for [itself] whether a given course of conduct falls on the near or far side of the line of constitutional protection." *Id*. Moreover, a district court lacks discretion not to remedy a First Amendment violation. *Citizens United v. FEC*, 558 U.S. 310, 340 (2010) ("political speech must prevail against laws that would suppress it, whether by design or inadvertence").

Defendants first defend the challenged fundraising and coordination limits as stand-alone provisions. Appellee's Br. at 13-19. However, Plaintiff does not challenge these restrictions on their own. Plaintiff

challenges the effects of these restrictions on Plaintiff when combined with a provision that affords a competing speaker—a leadership committee—with greater speech rights.

It is irrelevant whether the provisions could withstand scrutiny if Georgia law did not afford WBJ Leadership Committee greater comparative freedoms. As Defendants argued in a related case now also on appeal, "any alleged burden on Plaintiffs could only arise from the LC Statute in combination with Code Sections 21-5-30(a) and 21-5-41, the contribution limits and coordination ban that apply to Plaintiffs." *Jackson v. Jones*, No. 1:26-cv-00782, Doc 46 at 7-8 (N.D. Ga. Feb. 25, 2026). The asymmetry the scheme creates in the gubernatorial primary is unconstitutional. Order, Doc 25 at 13-14; *Davis*, 554 U.S. at 744 ("[I]mposing different contribution and coordinated party expenditure limits on candidates vying for the same seat is antithetical to the First Amendment"). Even Defendants' amicus agrees Georgia's campaign finance regime is "unconstitutional as applied to the facts of this case." Amicus Br. at 1.

Defendants' attempt to downplay the district court's holding that the scheme is likely unconstitutional because the district court did so in

agreement with earlier district court holdings. Appellee's. Br. at 20. However, the district court did clearly find the scheme unconstitutional as applied here. Order at 13-15. Indeed, the trial court concluded Defendants didn't even defend the law on the merits. *Id*. at n.7. And as discussed above, the court's finding of a constitutional violation is clearly correct based on *Davis*.

Again, this appeal is about affording a proper remedy. In *Jackson*, Defendants admit that Sections 21-5-30(a) and 21-5-41 are "the statutes which allegedly 'penalize'" Plaintiff and others. *Jackson*, Doc. 46 at 8. Plaintiff challenges the operations of those provisions in combination with the Leadership Committee statute. As Defendants admitted in *Jackson*, Plaintiff should seek a remedy against the statutes that apply to restrict its speech rights—Sections 21-5-30(a) and 21-5-41. This is exactly what Plaintiff does.

Far from seeking a "sweeping" remedy of "judicially crafted legislation", Appellee's. Br. at 21, Plaintiff seeks the narrow relief of enjoining the operation of Sections 21-5-30(a) and 21-5-41 against it during the primary. In fact, it was the minimalist nature of this relief that the district court found troubling. Order at 15. But Supreme Court

precedent requires relief targeted to remedy the harm to Plaintiff. *Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025). Enjoining Defendants from enforcing Sections 21-5-30(a) and 21-5-41 against Plaintiff does this.

Defendants took issue with Plaintiff's invitation to this Court to fashion an appropriate remedy if it finds Plaintiff's reliance on *CASA* inappropriate. Defendants claim this is a new argument. It isn't. Plaintiff invited the district court to exercise its power to fashion relief that it found appropriate to remedy the harm if it disagreed with the relief Plaintiff sought. Plaintiff repeated that invitation here, because fashioning an appropriate remedy is the role of the court. *Sessions v. Morales-Santana*, 582 U.S. 47, 72 (2017). Besides, "once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995). Thus, if this court finds the requested relief too narrow, it should afford relief it finds appropriately broad.

Defendants' attempt to factually distinguish *Davis* falls flat. Appellee's. Br. at 27. It makes no difference that Davis sought to spend

his own money where Plaintiff seeks to pool donor funds. In both cases, one entity was allowed to raise more money than a competitor, which is unconstitutional.

Defendants also try to distinguish *Riddle*. *Id*. It makes no difference that *Riddle* was cast as an equal protection challenge and this is a free speech case. Analysis under the two clauses merge in campaign finance cases. *Riddle v. Hickenlooper*, 742 F.3d 922, 930 (10th Cir. 2014). This is why *Riddle* relied on *Davis*. *Id.*

Defendants attempt to classify the Lieutenant Governor's leadership committee as being a "quasi-party" entity with impacts beyond the facts of this case, Appellee's. Br. at 33. This distinction is irrelevant. This is an as-applied challenge, so the facts of this case are all that matter. Even looking past the facts of this case, the primary purpose of the leadership committee beyond helping the Lieutenant Governor in his own race would be to afford him leverage to strong arm legislators by threatening to fund primary challengers against those who vote against his desired outcome—hardly a noble cause.

Defendants argue that Plaintiff should not be relieved of the unconstitutional speech restrictions because doing so would somehow

sow confusion. *Id.* at 34. As Plaintiff articulated in the opening brief, this is not a case about where and how voters vote or the mechanics of an election. Thus, the *Purcell* principle does not apply.

This is a speech case where "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Because the First Amendment "has its fullest and most urgent application to speech uttered during a campaign for political office," *Citizens United*, 558 U.S., at 339, enjoining the restrictions on Plaintiff is imperative to the functioning of democracy in Georgia.

The amicus argues that allowing Plaintiff to raise and spend funds in competition with WBJ Leadership Committee might not be effective for Plaintiff because Plaintiff might not be able to catch up. Amicus Br. at n.3. According to amicus, Plaintiff would be better served by an injunction enjoining the WBJ Leadership Committee from further spending. *Id.* However, that relief is both inappropriate and ineffectual. It is inappropriate because, as discussed earlier, First Amendment relief should free, not restrict, speech. Enjoining WBJ from further spending would be ineffective because WBJ Leadership Committee has

already spent substantial amounts of money, which cannot be undone. Allowing Plaintiff to raise and spend in support of Raffensperger is the preferred remedy over stopping WBJ from spending more.

Courts should not be in the business of weighing the effects of various injunctions on a particular election. That gets too close to election meddling. It is best to stick to the dictates of the First Amendment, where "the obvious remedy is to raise or eliminate [the offending] limits." *Davis*, 554 U.S. at 743.

## CONCLUSION

Plaintiff respectfully requests that the Court reverse the district court and enter the requested injunction.

Dated: April 23, 2026

Respectfully submitted,

*/s/ Charles Miller*

Charles Miller
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Suite 801
Washington, D.C. 20036
Tel: (202) 301-9800
Fax: (202) 301-3399
cmiller@ifs.org

Christopher S. Anulewicz
Bradley Arant Boult Cummings LLP
1230 Peachtree Street NE
21st Floor
Atlanta, GA 30309

*Counsel for Plaintiff*

## WORD COUNT AND TYPEFACE CERTIFICATE

I hereby certify this document complies with F.R.A.P. 32 because it contains 1,457 words prepared in 14 pt. Century Schoolbook font.

_/s/ *Charles Miller*
Charles M. Miller