**No. 26-10312**

# In the United States Court of Appeals for the Eleventh Circuit

SAFE AFFORDABLE GEORGIA, INC.,
*Plaintiff-Appellant,*
v.

CHAIRMAN OF THE STATE ETHICS COMMISSION, ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Georgia
No. 1:25-cv-06985 (Ross, J.)

## DEFENDANTS-APPELLEES' BRIEF IN SUPPORT OF DISMISSAL FOR MOOTNESS

David B. Dove
Rachel D. Hendrix
Elizabeth A. Hicks
Alexander Balser
TROUTMAN PEPPER LOCKE, LLP
600 Peachtree Street NE
Atlanta, GA 30308
(404) 885-3000
david.dove@troutman.com
rachel.hendrix@troutman.com
betsy.hicks@troutman.com
alex.balser@troutman.com

*Counsel for State of Georgia Defendants-Appellees*

# CERTIFICATE OF INTERESTED PERSONS

**No. 26-10312, *Safe Affordable Georgia, Inc. v Chairman of the State Ethics Commission, et al.***

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case.

1. Anulewicz, Christoper S.
2. Balser, Alexander
3. Bradley Arrant Boult Cummings LLP
4. Burge, David, in his official capacity as member of the State Ethics Commission
5. Carr, Christopher M., in his official capacity as Attorney General of Georgia
6. Diment, Dana, in her official capacity as member of the State Ethics Commission
7. Dove, David B.
8. Georgia Attorney General's Office
9. Hendrix, Rachel D.
10. Hicks, Elizabeth
11. Institute for Free Speech
12. Kreyenbuhl, James D., in his official capacity as Chair of the State Ethics Commission
13. Miller, Charles
14. Ross, Eleanor L., Hon.
15. Safe Affordable Georgia, Inc.

16. State Ethics Commission

17. Thompson, Rick, in his official capacity as Vice Chairman of the State Ethics Commission

18. Troutman Pepper Locke, LLP

19. Wise, Stan, in his official capacity as member of the State Ethics Commission

May 28, 2026

/s/ *David B. Dove*
David B. Dove
Georgia Bar No. 998664

*Counsel for State of Georgia Defendants-Appellees*

# TABLE OF CONTENTS

Table of Contents ........................................................................ i

Table of Authorities............................ **Error! Bookmark not defined.**

Introduction ........................................................................ 1

Statement of the Case ........................................................................ 1

Summary of the Argument ........................................................................ 2

Standard of Review ........................................................................ 3

Argument ........................................................................ 3

I. SAGA's appeal is moot because Mr. Raffensperger is no longer a candidate in the 2026 gubernatorial primary. .................. 3

II. This case does not fall within the "capable of repitition yet evading review" exception because the same factual scenario is unlikely to recur. ........................................................................ 7

Conclusion ........................................................................ 10

Certificate of Compliance ........................................................................ 12

Certificate of Service ........................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Najjar v. Ashcroft*,
273 F.3d 1330 (11th Cir. 2001) (per curiam) .............................. 4, 7, 10

*Bourgeois v. Peters*,
387 F.3d 1303 (11th Cir. 2004) .............................................................. 7

*Djadju v. Vega*,
32 F.4th 1102 (11th Cir. 2022) ............................................................. 4

*Fed. Election Comm'n v. Wis. Right to Life, Inc.*,
551 U.S. 449 (2007) .................................................................................. 8

*Graham v. Carr*,
110 F.4th 1239 (11th Cir. 2024) ........................................... 4, 5, 6, 8, 9

*Hall v. Sec'y, Ala.*,
902 F.3d 1294 (11th Cir. 2018) .............................................................. 8

*Health Freedom Def. Fund v. President of United States*,
71 F.4th 888 (11th Cir. 2023) ................................................................. 7

*Nat'l Advert. Co. v. City of Miami*,
402 F.3d 1329 (11th Cir. 2005) .............................................................. 3

*Safe Affordable Ga., Inc. v. Chairman of the State Ethics Comm'n*,
No. 26-10312 (11th Cir. May 18, 2026) ................................................ 2

*Storer v. Brown*,
415 U.S. 724 (1974) .................................................................................. 7

*United States v. Sec'y, Fla. Dep't of Corr.*,
778 F.3d 1223 (11th Cir. 2015) .............................................................. 7

*Wood v. Raffensperger*,
981 F.3d 1307 (11th Cir. 2020) ................................................. 3, 4, 5, 6

**Statutes and Rules**

11th Circuit Rule 32(f) .......... 12

Federal Rule of Appellate Procedure 27(d)(2) .......... 12

Federal Rule of Appellate Procedure 32(a)(5) .......... 12

Federal Rule of Appellate Procedure 32(a)(6) .......... 12

**Other Authorities**

Ga. Sec. of State, *Primary Election Results* (May 19, 2026), https://results.sos.ga.gov/results/public/Georgia/elections/GeneralPrimary51926 (last visited May 26, 2026) .......... 2

Oral Argument, *Safe Affordable Georgia, Inc. v. Chairman of the State Ethics Comm'n*, No. 26-10312 (11th Cir. May 18, 2026) https://www.ca11.uscourts.gov/sites/default/files/oral_argument_recordings/26-10312_05182026.mp3 .......... 2

U.S. CONST. art. III .......... 1, 3

## INTRODUCTION

Appellant Safe Affordable Georgia's ("SAGA's") appeal is moot. SAGA's claims were premised solely on its support for its chair, Brad Raffensperger, in the 2026 Republican gubernatorial primary. On May 19, 2026, Mr. Raffensperger failed to advance to the run-off election and is no longer seeking the Republican gubernatorial nomination. At oral argument, SAGA confirmed that it does not intend to support either remaining candidate, rendering moot any relief equalizing the contribution and coordination limits for its support of Mr. Raffensperger. There is no effectual relief still available and no exception to mootness applies, so this Court lacks Article III jurisdiction over the appeal.

## STATEMENT OF THE CASE

Appellees adopt and incorporate by reference the Statement of the Case set forth in their prior brief, Dkt. No. 26. Since that filing, events have rendered this dispute moot. On May 18, 2026, SAGA's counsel conceded during oral argument that (1) should Mr. Raffensperger fail to advance to the run-off election, it would not support either of the remaining candidates, and (2) that its challenge was limited exclusively

to this Republication gubernatorial primary.[1] On May 19, 2026, Mr. Raffensperger placed third in the Republican gubernatorial primary behind Mr. Jones and Mr. Jackson, who will proceed to a run-off election.[2]

## SUMMARY OF THE ARGUMENT

SAGA's appeal is moot and falls outside the narrow "capable of repetition yet evading review" exception. First, this Court can no longer grant any effectual relief for SAGA's alleged injury because Mr. Raffensperger did not advance to the run-off election in the Republican gubernatorial primary. Second, there is no reasonable, non-speculative expectation that the same controversy will recur involving SAGA, which alleged no intent to support Mr. Raffensperger or anyone else in future elections, and this case is the first and only challenge aimed solely at the

---

[1] Oral Argument, *Safe Affordable Ga., Inc. v. Chairman of the State Ethics Comm'n*, No. 26-10312 (11th Cir. May 18, 2026) at 3:25–3:52 (statement of Miller, C. confirming that SAGA will not participate in the Republican gubernatorial primary if Mr. Raffensperger does not advance); 14:38–14:46 (statement of Miller, C. confirming that SAGA's claim is "only as applied to this race"), https://www.ca11.uscourts.gov/sites/default/files/oral_argument_recordings/26-10312_05182026.mp3 [hereinafter "Oral Argument"].

[2] Ga. Sec. of State, *Primary Election Results* (May 19, 2026), https://results.sos.ga.gov/results/public/Georgia/elections/GeneralPrimary51926 (last visited May 26, 2026).

contribution and coordination limits. Finally, there is no risk that similar challenges will evade review: SAGA concedes the LC Statute is constitutional and independent committees thus remain free to bring direct challenges to the contribution and coordination limits in future cycles. Because there is no live controversy and no applicable exception, this appeal must be dismissed for lack of Article III jurisdiction.

## STANDARD OF REVIEW

"[B]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte,* regardless of whether the district court considered it[.]" *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005).

## ARGUMENT

### I. SAGA's appeal is moot because Mr. Raffensperger is no longer a candidate in the 2026 gubernatorial primary.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Wood v. Raffensperger*, 981 F.3d 1307, 1316 (11th Cir. 2020). Thus, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any

effectual relief whatever to a prevailing party, the appeal must be dismissed." *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (quoting *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995)). "[D]ismissal is required because mootness is jurisdictional." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam).

Eleventh Circuit precedent confirms that post-election challenges seeking only retrospective relief are nonjusticiable once the election has concluded and the results are finalized. *See Wood*, 981 F.3d at 1316–17; *Graham v. Carr*, 110 F.4th 1239, 1244 (11th Cir. 2024). For example, in *Wood*, this Court held that the appellant's requests for relief pertaining to the 2020 election were moot once Georgia's election results were certified. There, the Court explained that it could not "'turn back the clock and create a world in which' the 2020 election results [were] not certified." 981 F.3d at 1317. Noting that "even if post-election litigation is not always mooted by certification," Wood's "particular requests [were] moot" because the Court could not provide meaningful relief. *Id.*

Likewise, in *Graham*, this Court found that a challenge to the LC Statute by the Libertarian Party and its candidate for Lieutenant Governor, Ryan Graham, became moot after the 2022 general election

when the complainants lost. 110 F.4th at 1244. There, the Court noted that the allegations in the underlying complaint "focuse[d] only on Graham's 2022 campaign against Jones," and did not extend beyond that race. Thus, when Graham lost, "the issue of the 2022 campaign 'no longer present[ed] a live controversy' and [the Court] [could not] provide meaningful relief as it pertain[ed] to the 2022 election." *Id.*

Here, as in *Wood* and *Graham*, subsequent electoral events have extinguished any live controversy and leave this Court unable to afford meaningful relief. SAGA sought an injunction barring enforcement of the contribution and coordination limits against it so that it could "coordinate with Raffensperger" and "his gubernatorial campaign committee," Dkt. No. 1 at 10, and thereby "operate under the same rules as a similar committee that is raising and spending unlimited amounts supporting its chairman, who is one of Raffensperger's opponents in the Republican primary," Apps.' Br. at 14–15. Although the language of its requested relief mirrored the broad terms used in the LC Statute, SAGA's allegations were limited to that specific, ongoing primary contest and did not allege any future intent or harm. *See* Dkt. No. 1 at 10. At oral argument, SAGA's counsel acknowledged that the case would "most

likely" become moot if Mr. Raffensperger did not advance and further confirmed that SAGA would not support any other candidate in the Republican gubernatorial primary run-off or thereafter.[3] Critically, Mr. Raffensperger did not advance to the run-off election and is no longer a candidate for the Republican gubernatorial nomination. *See supra* p. 2

Under both *Wood* and *Graham*, SAGA's claims are mooted by these factual developments. As in *Wood*, this Court "cannot turn back the clock and create a world" in which the contribution and coordination rules did not apply to SAGA while its preferred candidate was in the race. *Wood*, 981 F.3d at 1317. And as in *Graham*, SAGA's own pleadings and concessions make clear that its claims and interests are limited to a single, now-concluded campaign; once that race ended and its preferred candidate exited the field, the controversy ceased to be live and this Court lost the ability to afford SAGA "any effectual relief." *See Graham*, 110 F.4th at 1244. Because no injunction or declaratory judgment can now

[3] Oral Argument at 1:53–2:42 (question by Pryor, J.; statement of Miller, C.); *Id.* at 3:25–3:52 (statement of Miller, C. confirming that SAGA will not participate in the Republican gubernatorial primary if Mr. Raffensperger does not advance); *id.* at 14:38–14:46 (statement of Miller, C. confirming that SAGA's claim is "only as applied to this [Republican gubernatorial primary] race").

redress SAGA's alleged injury, there is no longer a justiciable case or controversy, and the appeal must be dismissed as moot.

## II. This case does not fall within the "capable of repitition yet evading review" exception because the same factual scenario is unlikely to recur.

SAGA's claims do not fall within the "narrow" exception to mootness for cases capable of repetition yet evading review. *See Al Najjar*, 273 F.3d at 1340. That exception applies "only in the exceptional circumstances in which the same controversy will recur and there will be inadequate time to litigate it prior to its [conclusion]." *Id.* It requires "(1) a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) [that] the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1229 (11th Cir. 2015).

On the first prong, "there must be some reasonable, non-speculative expectation" that the issue will recur, *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 893 (11th Cir. 2023), and "the threat of future injury may not be conjectural or hypothetical." *Bourgeois v. Peters*, 387 F.3d 1303, 1309 (11th Cir. 2004) (quotations omitted). In

election cases, the "capable of repetition yet evading review" doctrine can apply to both facial and as-applied challenges. *See Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974). But there must be "a reasonable expectation that 'materially similar' circumstances will recur." *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1298 (11th Cir. 2018). As this Court has explained, "materially similar" does not mean merely that the same statute might be applied again in some future election. Rather, it requires that the same or very similar plaintiff is likely to face the same or very similar underlying injury in a future election cycle. *See Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 464 (2007) (applying the exception to an as-applied election challenge where "there exists a reasonable expectation that the same controversy involving the same party will recur").

This Court's opinion in *Graham*, 110 F.4th at 1245–46, illustrates the application of that standard in the election context aptly. There, this Court held that a challenge to the LC Statute by the Libertarian Party and its candidate (Graham) became moot after the 2022 election because Graham lost, and the appellants did not allege that Graham would again run and be nominated for one of the offices that trigger the LC Statute; they alleged only that he "plan[ned] to run again as a Libertarian

candidate for statewide public office." *Id.* at 1246. That generalized intention made any future application of the law "purely theoretical," *id.* (quoting *Wood*, 981 F.3d at 1318), and the exception thus did not apply.

The same is true here. SAGA does not contend that Mr. Raffensperger will again run in a contested Republican primary against a candidate with access to a leadership committee. *See* Dkt. No. 1 at 10. Indeed, unlike the plaintiffs in *Graham*, SAGA alleges no future harm at all and nowhere states an intent to support Mr. Raffensperger—or any other candidate—in future elections in either its complaint or its appellate briefing. Rather, as discussed *supra* at pp. 5–7, SAGA expressly ***disclaimed*** any such intention. Moreover, although the LC Statute has been challenged before, this is the *first and only case* aimed solely at the contribution and coordination limits, and SAGA is the first plaintiff to seek parity between leadership committees and hybrid PACs. There is no litigation history suggesting that other hybrid PACs are likely to do the same in the future. SAGA's alleged harm is therefore not likely to recur.

Further, even if SAGA's controversy were likely to recur, there is no basis to conclude that this type of challenge will repeatedly evade judicial review. The exception does not apply where future disputes can be fully

litigated. *See Al Najjar*, 273 F.3d at 1336. SAGA concedes that the LC Statute itself is constitutional and objects only to its interaction with the contribution and coordination limits. By SAGA's own theory, nothing prevents an independent committee from bringing a direct challenge to those limits at any point in an election cycle—including much earlier than SAGA did here. Election disputes over contribution and coordination limits can and routinely are filed well in advance of elections and resolved on an expedited basis, including on appeal.

Nor do the prior LC Statute cases show that this controversy is inherently capable of evading review. SAGA's unique claim became moot *not* because there is structurally insufficient time for courts to adjudicate such challenges, but because its own circumstances and choices created an unusually compressed timeline. There is therefore no realistic risk that similar challenges by hybrid PACs to the coordination and contribution limits will systematically evade review in the future.

## CONCLUSION

For these reasons, this Court should dismiss this appeal as moot, or, in the alternative, affirm.

Respectfully submitted this 28th day of May, 2026.

*/s/ David B. Dove*

David B. Dove
Georgia Bar No. 998664

Rachel D. Hendrix
Elizabeth A. Hicks
Alexander Balser
TROUTMAN PEPPER
LOCKE, LLP
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3000
david.dove@troutman.com
rachel.hendrix@troutman.com
betsy.hicks@troutman.com
alex.balser@troutman.com

*Counsel for State of Georgia Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it 10 pages long, excluding the parts of the motion required by 11th Circuit Rule 32(f).

This motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in Century Schoolbook 14-point font.

May 28, 2026

/s/ *David B. Dove*
David B. Dove
Georgia Bar No. 998664

*Counsel for State of Georgia Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this response to a motion with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on May 28, 2026. I served all counsel of record by CM/ECF.

May 28, 2026

/s/ *David B. Dove*
David B. Dove
Georgia Bar No. 998664

*Counsel for State of Georgia Defendants-Appellees*